## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ANDRE LEANDER JACKSON[1],

        Petitioner,

vs.                                                  Case No.:    3:14-cv-541-J-32JBT
                                                                        3:05-cr-357-J-32JBT

UNITED STATES OF AMERICA,

        Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Petitioner Andre Leander Jackson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (II Civ. Doc. 1).[2] The United States has moved to dismiss the Motion because it is an unauthorized second or successive motion to vacate. (II Civ. Doc. 6). Because Petitioner previously challenged the same conviction and sentence in 2008 pursuant to 28 U.S.C. § 2255, the Court denied that first motion on the merits, and the Eleventh Circuit has not authorized the instant Motion as required by 28 U.S.C. § 2255(h), the United States' motion to dismiss is due to be granted.

---

[1]    The Court observes that Petitioner has also spelled his name as "Andre Levander Jackson." <u>See</u> Case No. 3:08-cv-1036-J-32TEM.

[2]    Citations to Petitioner's underlying criminal case file, <u>United States v. Andre Leander Jackson</u>, Case No. 3:05-cr-357-J-32JBT, will be denoted as "Crim. Doc. ____." Citations to Petitioner's first civil § 2255 case file, Case No. 3:08-cv-1036-J-32TEM, will be denoted as "I Civ. Doc. ____." Citations to the instant civil § 2255 case file, Case No. 3:14-cv-541-J-32JBT, will be denoted as "II Civ. Doc. ___."

In August 2006, Petitioner pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (See Crim. Doc. 81). The Court sentenced him to the 15-year mandatory minimum set forth under 18 U.S.C. § 924(e) for those who qualified as an armed career criminal. (See id.).

In Case No. 3:08-cv-1036-J-32TEM, Petitioner challenged that conviction and sentence through a motion styled as a "Motion to Recall, Void and/or Modify Judgment Pursuant to Writ of Audita Querela, or Alternatively, Pursuant to the Fed. R. Crim. Procedure 2, and/or All Writs Act 28 U.S.C. § 1651(a)." (I Civ. Doc. 1). Pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), the Court notified Petitioner that: (1) the Court intended to recharacterize the motion as a first § 2255 motion, (2) such recharacterization meant that any subsequent § 2255 motion would be subject to the restrictions on "second or successive" motions, and (3) Petitioner had "the opportunity to withdraw his motion or to amend it and submit a new single motion reflecting any and all appropriate § 2255 grounds he believes he has." (I Civ. Doc. 2). Petitioner thereafter filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (I Civ. Doc. 5). Petitioner mainly challenged the Court's decision to count a prior burglary conviction as a "violent felony" when it sentenced him as an armed career criminal. The Court denied the first § 2255 motion on the merits. (I Civ. Doc. 7; I Civ. Doc. 8). Petitioner did not appeal.

In the instant Motion to Vacate (II Civ. Doc. 1), and in subsequent motions to supplement (II Civ. Doc. 7; II Civ. Doc. 15), Petitioner again challenges the Court's

2

decision to count a prior burglary conviction as a "violent felony" for the purpose of sentencing him as an armed career criminal.  This time, Petitioner cites Supreme Court and Eleventh Circuit decisions rendered since the Court denied his first § 2255 motion, namely, <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>United States v. Jones</u>, 743 F.3d 826 (11th Cir. 2014).   The record does not reflect that Petitioner has sought or obtained authorization from the Eleventh Circuit to file a second or successive motion to vacate, as 28 U.S.C. § 2255(h) requires.

When this Court ruled on Petitioner's first motion to vacate, it denied the motion on the merits. (<u>See</u> I Civ. Doc. 7).  Thus, "second or successive" status attaches to subsequent § 2255 motions that challenge the same conviction or sentence, including the instant § 2255 motion. See <u>Boyd v. United States</u>, 754 F.3d 1298, 1302 (11th Cir. 2014) ("[S]econd or successive status only attaches to a judgment on the merits.") (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-86 (2000)).

Following the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may file a second or successive § 2255 motion "in only the narrowest of circumstances."  <u>Wofford v. Scott</u>, 177 F.3d 1236, 1237 (11th Cir. 1999).   Under AEDPA

> [F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. <u>See</u> 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1998) (per curiam) (quoting 28 U.S.C. § 2255(h)). Until the circuit court of appeals has authorized Petitioner to file a second or successive motion to vacate, this Court may not entertain it because "[t]he bar on second or successive motions is jurisdictional[.]" In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013) (citing Panetti v. Quarterman, 551 U.S. 930, 942 (2007)).

As the Eleventh Circuit has not authorized Petitioner to file this second or successive motion to vacate, it is due to be dismissed without prejudice. Section 2255(h)(2) provides the appropriate vehicle for Petitioner to seek relief if he believes that the Supreme Court's decisions in Descamps and Johnson, supra, announced new, previously unavailable rules of constitutional law that are retroactive on collateral review.

Accordingly, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss (Doc. 6) is **GRANTED**.

2. Petitioner's second or successive Motion to Vacate (II Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to his right to re-file it if the Eleventh Circuit Court of Appeals grants him permission to do so.

4

3. The Court has enclosed a copy of the form for applying to the Eleventh Circuit Court of Appeals for permission to file a second or successive motion to vacate.

4. The Clerk shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of October, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Enclosure

Copies:

Pro se petitioner
Counsel of record

# UNITED STATES COURT OF APPEALS
# ELEVENTH CIRCUIT

## APPLICATION FOR LEAVE TO FILE A SECOND OR
## SUCCESSIVE MOTION TO VACATE, SET ASIDE
## OR CORRECT SENTENCE
## 28 U.S.C. § 2255
## BY A PRISONER IN FEDERAL CUSTODY

Name _____   Prisoner Number _____

Institution _____

Street Address _____

City _____   State _____   Zip Code _____

### INSTRUCTIONS--READ CAREFULLY

(1)   This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2)   All questions must be answered concisely in the proper space on the form.

(3)   The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper.  All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4)   All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases.  In capital cases only, the use of this form is optional.

(5)   Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds.   DO NOT SUBMIT SEPARATE PETITIONS, MOTIONS, BRIEFS, ARGUMENTS, ETC., EXCEPT IN CAPITAL CASES.

(6)     In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive motion can be granted by the United States Court of Appeals, it is the applicant's burden to make a prima facie showing that he satisfies either of the two conditions stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)     When this application is fully completed, the original and three copies must be mailed to:

**Clerk of Court**
**United States Court of Appeals for the Eleventh Circuit**
**56 Forsyth Street, N.W.**
**Atlanta, Georgia  30303**

APPLICATION

1.   (a)   State and division of the United States District Court which entered the judgment of conviction under attack _____

       (b)   Case number _____

2.   Date of judgment of conviction _____

3.   Length of sentence _____ Sentencing Judge _____

4.   Nature of offense or offenses for which you were convicted: _____
_____
_____
_____

5.   Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?

          Yes ( )  No ( )  If "yes", how many times? _____ (if more than one, complete 6 and 7 below as necessary)

    (a) Name of court _____
    (b) Case number _____
    (c) Nature of proceeding _____
_____

    (d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____
_____
_____
_____
_____
_____
_____

    (e) Did you receive an evidentiary hearing on your motion?   Yes ( )  No ( )
    (f) Result _____
_____
    (g) Date of result _____

6.   As to any second federal motion, give the same information:
    (a) Name of court _____
    (b) Case number _____
    (c) Nature of proceeding _____
_____
_____

(d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____

_____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your motion?   Yes ( )   No ( )

(f) Result _____

_____

(g) Date of result _____

7.   As to any third federal motion, give the same information:

(a) Name of court _____

(b) Case number _____

(c) Nature of proceeding _____

_____

_____

(d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____

_____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your motion?   Yes ( )   No ( )

(f) Result _____

_____

(g) Date of result _____

8.   Did you appeal the result of any action taken on your federal motion? (Use extra pages to reflect additional petitions if necessary)

     (1) First motion          No ( )   Yes ( ) Appeal No. _____

     (2) Second motion      No ( )   Yes ( ) Appeal No. _____

     (3) Third motion        No ( )   Yes ( ) Appeal No. _____

9.   If you did <u>not</u> appeal from the adverse action on any motion, explain briefly why you did not: _____

_____

_____

_____

_____

10.   State <u>concisely</u> every ground on which you <u>now</u> claim that you are being held unlawfully.
Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

    A.    Ground one: _____

        _____

        Supporting FACTS (tell your story briefly without citing cases or law):

        _____
        _____
        _____
        _____
        _____

        Was this claim raised in a prior motion?    Yes ( ) No ( )

        Does this claim rely on a "new rule of law?"    Yes ( )   No ( )
        If "yes," state the new rule of law (give case name and citation):

        _____
        _____

        Does this claim rely on "newly discovered evidence?"   Yes ( )   No ( )
        If "yes," briefly state the newly discovered evidence, and why it was not
        previously available to you _____

        _____
        _____
        _____
        _____
        _____
        _____

    B.    Ground two: _____

        _____

        Supporting FACTS (tell your story briefly without citing cases or law):

        _____
        _____
        _____
        _____
        _____

        Was this claim raised in a prior motion?    Yes ( ) No ( )

Does this claim rely on a "new rule of law?"    Yes ( )    No ( )
If "yes," state the new rule of law (give case name and citation):
_____
_____

Does this claim rely on "newly discovered evidence?"    Yes ( )    No ( )
If "yes," briefly state the newly discovered evidence, and why it was not
previously available to you _____
_____
_____
_____
_____
_____
_____
_____

**[Additional grounds may be asserted on additional pages if necessary]**

11.    Do you have any motion or appeal now pending in any court as to the judgment now under
attack?    Yes ( )    No ( )
If "yes," name of court _____ Case number _____

Wherefore, applicant prays that the United States Court of Appeals for the Eleventh Circuit
grant an Order Authorizing the District Court to Consider Applicant's Second or Successive
Motion to Vacate under 28 U.S.C. § 2255.


_____
                              Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are true
and correct.

Executed on _____
                   [date]


_____
                              Applicant's Signature

## PROOF OF SERVICE

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on _____, I mailed a copy of this Application* and
[date]
all attachments to _____

at the following address:

_____
_____


_____
Applicant's Signature

_____

* Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing.  Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

*28 U.S.C. § 2255 Application*          Page 7          *Revised 1/02/01*